997 A.2d 754 (2010)
2010 ME 54
In re A.M.B.
Docket: Cum-09-634.
Supreme Judicial Court of Maine.
Submitted on Briefs: May 27, 2010.
Decided: June 24, 2010.
Zack M. Paakkonen, Esq., Alice A. Neal, Esq., West End Legal, LLC, Portland, ME, for A.M.B.
Patricia A. Peard, Esq., Bernstein Shur, Portland, ME, for Amicus Curiae Gay & Lesbian Advocates & Defenders.
No appellee's brief was filed.
Panel: SAUFLEY, C.J., and LEVY, MEAD, GORMAN, and JABAR, JJ.
GORMAN, J.
[¶ 1] A.M.B. appeals from a judgment entered in the Cumberland County Probate Court (Mazziotti, J.) that denied his petition to change his name. A.M.B. argues that he met all of the statutory requirements of the name change statute, 18-A M.R.S. § 1-701 (2009), and therefore the court abused its discretion in denying his petition. Because we cannot determine the basis for the Probate Court's denial, we vacate the judgment and remand for further proceedings.
[¶ 2] To obtain a name change pursuant to section 1-701, a person must petition the judge of probate in the county where the person resides and provide "due notice" of his request. 18-A M.R.S. § 1-701(a), (b). In order to ensure that the person seeking to change his name is not "seeking the name change for purposes of defrauding another person or entity or for purposes otherwise contrary to the public interest," before granting the petition, the probate judge may require the petitioner to undergo one or more of certain background checks. 18-A M.R.S. § 1-701(e), (f).
[¶ 3] In his petition, A.M.B. asserted that he had no children, no pending bankruptcy or other insolvency proceeding, and was not attempting to avoid any legal obligation. A.M.B. stated as his reason for the petition: "I no longer wish to have my current name." The record contains evidence *755 of A.M.B.'s residence in South Portland, and the court's judgment states that due notice had been provided.
[¶ 4] We review the denial of a name change petition for an abuse of the court's discretion. In re Reben, 342 A.2d 688, 695 (Me.1975). The current version of the name change statute is, essentially, a codification of the standards we articulated in Reben, with additional protections for abuse victims, see 18-A M.R.S. § 1-701(b), (c) (allowing a court to limit the notice requirement when the petitioner is an abuse victim in reasonable fear of his or her safety and also to seal the record), and additional powers for the Probate Court to order certain background checks, see 18-A M.R.S. § 1-701(e). The main purpose of the statute, however, is to provide petitioners with the certainty of a judicially-sanctioned name change, as long as the petition is not submitted with fraudulent intent and the change of name does not interfere with the rights of others. See Reben, 342 A.2d at 695.
[¶ 5] In the present case, the proceedings were not recorded, and A.M.B. submitted a statement in lieu of transcript, pursuant to M.R.App. P. 5(d), that the court accepted and augmented. The record contains no evidence that the court requested any sort of background check, the judgment contains neither findings of fact nor conclusions of law, and the court did not provide its basis for denying A.M.B.'s petition. We are cognizant that the Probate Court considers many name change petitions during a single hearing, that most of these petitioners represent themselves, and that the petitions are generally unopposed. In addition, because name change requests are rarely opposed, the hearings often are not recorded, and the petitions are typically granted in decisions without specific findings.
[¶ 6] Without any findings, however, and on this record, we are unable to determine a proper basis for denying A.M.B.'s petition. We therefore vacate the judgment and remand to the Probate Court. If, on remand, the court denies the petition, it should include findings explaining how the petition was fraudulent or otherwise contrary to the public interest. In the future, when the Probate Court denies a person's petition for a name change, the basis for the denial and adequate findings of fact to support its decision should be included in the judgment in order to permit effective appellate review.
[¶ 7] Because we vacate the judgment on other grounds, we do not address A.M.B.'s constitutional arguments. See Town of Burlington v. Hosp. Admin. Dist. No. 1, 2001 ME 59, ¶ 19, 769 A.2d 857, 864.
The entry is:
Judgment vacated. Remanded to the Probate Court for further proceedings consistent with this opinion.